SONG SHUN LIU, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, & Immigration and Naturalization Service,[1] Respondent.

No. 05–5501–AG.

United States Court of Appeals, Second Circuit.

June 13, 2006.

Song Shun Liu, pro se, New York, NY, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas, Paul Naman, Assistant United States Attorney, Beaumont, TX, for Respondent.

Present RALPH K. WINTER, BARRINGTON D. PARKER and REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Song Shun Liu, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Sarah Burr denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

1. The offered caption is hereby amended to reflect the parties designated in the petition for review. We recognize, however, that the Attorney General, and not the Immigration and Naturalization Service, is the proper respondent in a petition for review. *See* 8 U.S.C. § 1252(b)(3).

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 14 2004).

The IJ found Liu to be not credible because he testified that, although he and his mother practiced Falun Gong, his father never did, but both his asylum application and a letter from his mother stated that his father and his mother practiced Falun Gong and began practicing it at the same time. The IJ's finding is supported by substantial evidence in the record and is a reasonable basis for finding Liu incredible, because it calls into question the central element of Liu's claim—namely, that his parents practiced and introduced him to Falun Gong, and that all three were persecuted for being practitioners of Falun Gong. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Further, the IJ found it implausible that, almost three and one half years after Liu, his mother, and his father purportedly fled their house to avoid the authorities—who allegedly sought to arrest them for their practice of Falun Gong, and who sealed and confiscated the house and took the family fishing boat—the mother would send Liu a letter in an envelope that bore the return address of the confiscated home, if she were still in hiding elsewhere. The IJ also found it implausible that the

government would issue Liu's family a household registry in March 2001, when the government allegedly had been looking to arrest Liu and his parents since July 2000, and that the government would issue a notarial birth certificate attesting to Liu's birth, considering Liu was wanted by the government and the certificate was requested by a non-family member. Substantial evidence supports these findings.

These findings alone are sufficient for us to uphold the agency's decisions. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–165 (2d Cir.2006). Because the only evidence of a threat of future persecution to Liu depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on Liu's claims of a well-founded fear of persecution and for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148 (2d Cir.2006) (holding that for an applicant who has been determined to be incredible to prevail on a future persecution claim, the predicate of that claim must be independent of the testimony that the IJ found to be incredible); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). While Liu claims in his brief to this Court that he will be tortured or otherwise harmed in China as a result of his activities in the United States, he did not raise this claim before the BIA, and, consequently, failed to meet the exhaustion requirement necessary for our jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).